**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **LAMICHA THOMAS and TYQUAN WALTERS, individually and on behalf of all others similarly-situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**TRUCK'N AWESOME RESTORATIONS, LLC and BRADLY BARRENTINE,**<br><br>Defendants. | **PLATINTIFFS' COLLECTIVE ACTION COMPLAINT** |

**ORIGINAL COMPLAINT**

Plaintiffs, LaMicha Thomas and Tyquan Walters ("Plaintiffs"), individually and on behalf of all others similarly situated as collective representatives, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## SUMMARY

1. Defendants, Truck'n Awesome Restorations, LLC and Bradly Barrentine ("Truck'n Awesome"), provide custom 18-wheeler restorations. The company is a custom truck restoration company specializing in custom interior design, full painting and body work. The company claims to offer quality and experienced service and designs. https://www.yelp.com/biz/truckn-awesome-restorations-bogata.

2. The company can re-upholster the seats and doors of 18-wheelers.



https://www.facebook.com/trucknawesome/

3. Although these workers regularly work more than fifty (50) hours in a workweek, Defendants do not pay them overtime.

4. Defendants' policy of paying these employees a salary with no overtime pay, violates the Fair Labor Standards Act ("FLSA").

5. This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

## JURISDICTION & VENUE

6. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants conduct substantial business in this District, sending Plaintiffs and FLSA Collective members to perform work in this District while subjecting them to Defendants' improper and illegal payroll practices.

## PARTIES

8. Plaintiff LaMicha Thomas ("Thomas") was employed by Defendants as a salaried employee. Thomas is domiciled in Texas and performed work out of Defendants' Bogata, Texas facility as an 18-wheeler restoration shop worker.

9. Plaintiff Thomas's written consent to this action is attached. (Exhibit "A").

10. Plaintiff Tyquan Walters ("Walters") was employed by Defendants as a salaried employee. Walters is domiciled in Texas and performed work out of Defendants' Bogata, Texas facility as an 18-wheeler restoration shop worker.

11. Plaintiff Walters's written consent to this action is attached. (Exhibit "B").

12. Defendant Truck'n Awesome Restorations, LLC ("Truck'n Awesome") is a Texas domestic for-profit corporation doing business in the State of Texas.

13. Defendant may be served through its registered agent, Bradly Barrentine, 649 Clarksdale Street, Deport, Texas 75435.

14. Defendant Bradly Barrentine is a Texas domiciliary who may be served at 649 Clarksdale Street, Deport, Texas 75435.

15. Defendant Barrentine is the owner and manager of Truck'n Awesome.

16. Defendant Barrentine was directly involved in Truck'n Awesome's payroll decisions and practices, including but not limited to, giving work assignments, supervising the work, setting pay rates and handling payroll each pay period.

17. Defendant Barrentine was also directly responsible for implementing Truck'n Awesome's practice of paying its employees a weekly rate without overtime.

18. Defendants paid each of the FLSA Collective members a weekly rate, with no overtime premium for hours worked in excess of forty (40) in a workweek.

19. Defendants' payroll practice and classification of these workers as overtime exempt violated the FLSA.

## FACTS

20. Truck'n Awesome is a business that provides custom 18-wheeler restorations.

21. Truck'n Awesome primarily conducts business within the Bogata, Texas.

22. Defendants' employees routinely handled goods or materials – such as truck parts, paint, wires, switches, tool bags, toolboxes, latex gloves, goggles, upholstery, carpet - that have moved in, or were produced for, interstate commerce.

23. In each of the past three (3) years, Defendants' gross revenue has exceeded $500,000.

24. Thomas and Walters worked for Defendants as 18-wheeler restoration shop workers.

25. All of the shopworkers worked on 18-wheelers.

26. Defendants paid Thomas, Walters and all shop workers a fixed amount each week.

27. Defendants routinely scheduled Thomas, Walters and the other FLSA Collective members to work fifty (50) to sixty (60) hours a week.

28. For example, in the week of April 22, 2019, Thomas and Walker worked over fifty (50) hours and were not paid overtime.

29. Over the past three (3) years, Defendants employed dozens of individuals – including Thomas and Walters – as shop workers.

30. Defendants paid/pay the FLSA Collective members a fixed weekly rate without overtime.

31. While the precise job duties of the shop workers may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

32. All of Defendants' shop workers perform manual labor in support of Defendants' 18-wheeler upholstery and refurbishing business.

33. Defendants told the Plaintiffs that they were independent contractors and did not pay them overtime.

34. All of Defendants' shop workers are entitled to overtime pay.

35. None of Defendants' shop workers received/receive overtime pay.

36. Defendants know their shop workers work more than forty (40) hours in a workweek. Defendants know their shop workers are not exempt from the overtime provisions of the FLSA.

37. Nonetheless, Defendants did not (and does not) pay its shop workers overtime for hours worked in excess of forty (40) in a workweek.

38. Defendants misclassified Plaintiffs and Collective Members as exempted employees.

39. At all times relevant to this case, Defendants had knowledge of Plaintiffs' regular and overtime work. Defendants set the Plaintiffs' work and hours and supervised their work. Plaintiffs' work benefitted Defendants.

## COLLECTIVE ALLEGATIONS

40. Thomas and Walters bring this claim under Section 216(b) of the FLSA as a collective action.

41. The same policy that caused Thomas and Walters to be denied their overtime pay caused Defendants' other shop workers to be denied their overtime pay.

42. While the precise job duties performed by the FLSA Collective members might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

43. Nor do any differences in job duties matter for determining whether Defendants' policy of not paying shop workers overtime is legal.

44. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

45. Because Defendants uniformly failed to pay overtime to all shop workers, Plaintiffs and the FLSA Collective members are similarly situated within the meaning of 29 U.S.C. § 216(b).

46. Upon information and belief, Defendants employed numerous shop employees like Plaintiffs during the past three (3) years.

47. Nearly all of the questions related to Plaintiffs and the FLSA Collective can be answered on a collective basis.

48. Defendants' practice of refusing to pay shop workers overtime is based on established companywide policies.

49. The most important questions presented in this case can be resolved on a collective-wide basis.

50. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its violations of the FLSA.

51. Furthermore, individual litigation would be unduly burdensome to the judicial system.

52. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

## COLLECTIVE DEFINITION

53. Plaintiffs bring this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All shop workers employed by Truck'n Awesome Restorations, LLC, who, within the last three (3) years, worked over forty (40) hours in a workweek, and were not paid overtime.

## VIOLATION OF THE FLSA

54. Plaintiffs incorporate the proceeding paragraphs by reference.

55. At all relevant times, Defendants have been employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendants employed Plaintiffs and each member of the FLSA Collective.

55. Defendants' pay policy denied Plaintiffs and the FLSA Collective overtime compensation as required by the FLSA.

56. Defendants' failure to pay Plaintiffs and the FLSA Collective overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

57. Defendants' conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendants' FLSA violations, Plaintiffs and the FLSA Collective are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs and expenses of this action.

## RECORDKEEPING VIOLATION

59. Plaintiffs incorporate the proceeding paragraphs by reference.

60.     Upon information and belief, Defendants did not maintain, for a period of at least two (2) years, time cards detailing the start and stop times of Plaintiffs and other Collective Members, as prescribed by 29 C.F.R. § 516.6.

61.     Defendants have therefore violated the recordkeeping requirement of the FLSA. 29 U.S.C. § 211.

## PRAYER

**WHEREFORE**, LaMicha Thomas and Tyquan Walters pray for relief as follows:

1.      An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2.      Judgment against Defendants, Truck'n Awesome Restorations, LLC, and Bradly Barrentine, awarding Plaintiffs and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3.      Pre- and post-judgment interest at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiffs and the other FLSA Collective may show themselves to be justly entitled.

Respectfully Submitted,

/s/ Trang Q. Tran
Trang Q. Tran
TRAN LAW FIRM, LLP
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
ttran@tranlawllp.com

**AND**

/s/ Scott E. Brady
Philip Bohrer

        Scott E. Brady
        BOHRER BRADY LLC
        8712 Jefferson Highway, Ste. B
        Baton Rouge, LA 70809
        Tel: 225-925-5297
        Fax: 225-231-7000
        phil@bohrerbrady.com
        scott@bohrerbrady.com

*Attorneys for Plaintiff and the Putative Collective*